IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-30017 |
| | ) | |
| BRANDON GARDNER, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

RICHARD MILLS, United States District Judge:

Defendant Brandon Gardner seeks relief under *Rehaif v. United States*, ___ U.S. ___, 139 S. Ct. 2191 (2019), wherein the Supreme Court held:

> [I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here.

*Id.* at 2200.

The Court notes that Gardner has already filed a motion pursuant to 28 U.S.C. § 2255 and individuals are generally limited to one challenge of his conviction under § 2255. His motion was denied on October 9, 2019. *See* Case No. 3:16-cv-03184-RM, Doc. No. 11, 12.

However, § 2255 contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition when the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'"). "A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). "In other words, something more than a lack of success with a section 2255 motion must exist before section 2241 becomes available." *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

The Court will consider the Defendant's motion as an inquiry regarding whether relief is available under § 2241.

The Seventh Circuit developed a three-part test for determining whether § 2255 is inadequate or ineffective so as to trigger the savings clause:

> • *Step #1*: the federal prisoner must seek relief based on a decision of statutory interpretation (as opposed to a decision of constitutional interpretation, which the inmate could raise in a second or successive § 2255 motion);

2

• *Step #2*: the statutory rule of law in question must apply retroactively to cases on collateral review *and* could not have been invoked in a first § 2255 motion; and

• *Step #3*: a failure to afford the prisoner collateral relief would amount to an error "grave enough" to constitute "a miscarriage of justice."

*Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020).

The Defendant would be able to meet the first two requirements because *Rehaif* is a statutory interpretation case and it sets forth a new substantive rule narrowing the scope of § 922(g) which should apply retroactively. Moreover, it would have been futile to raise a *Rehaif*-based argument before the Supreme Court rendered that decision.

The Court concludes, however, that Defendant could not satisfy the third requirement because he cannot show he was convicted of a crime of which he was innocent and there was thus no miscarriage of justice. The plea agreement provides that Defendant knew he had previous felony convictions. During the plea colloquy at the change of plea hearing on October 30, 2015, the Defendant agreed with the Government's summary of the evidence, including that Defendant had prior felony convictions at the time he possessed the firearm. Paragraph 5 of the Presentence Investigation Report provides that:

(1) On September 18, 2009, Defendant was convicted of two counts of Unlawful Delivery of Controlled Substance in Christian County Circuit

Court and was incarcerated for 6 and 5-year terms in the Illinois Department of Corrections;

(2) On July 25, 2008, he was convicted of aggravated robbery in Macon County Circuit Court and was sentenced to a 5-year term in the Department of Corrections;

(3) On June 15, 2012, he was convicted of aggravated assault in Christian County Circuit Court and sentenced to 3 years in the Department of Corrections.

The Court concludes there is no doubt that Defendant had knowledge of his felon status at the time of his plea. If the *Rehaif* standard applied at the time of Defendant's conviction, there is ample proof in the form of the information in the plea agreement and his acknowledgment in the change of plea hearing that he knew he was in the category of persons who were prohibited from possessing a firearm at the time of his offense. Accordingly, the Defendant cannot show that his conviction or sentence for being a felon in possession of a firearm and qualifying as an armed career criminal represents a "miscarriage of justice" that would entitle him to habeas relief in light of *Rehaif*. The Defendant's claim therefore would fail.

Ergo, Defendant Brandon Gardner's pro se motion for eligible relief [d/e 33] is DENIED.

The Clerk will send a copy of this Order to the Defendant at FCI Pollock, 1000 Airbase Road, Pollock, LA 71467.

ENTER: July 10, 2020

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge